IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERMA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13cv869-MEF |
| | ) | |
| HOUSTON COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff proceeds *pro se* in this Title VII employment discrimination action.  This case is presently before the court on the motion to dismiss filed by the Houston County Sheriff's Department, the sole defendant, on December 23, 2013 (Doc. # 10).  The defendant argues – correctly – that an Alabama county sheriff's department is not a legal entity that may be sued.  Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to defendant's Rule 12(b)(6) motion and 28 U.S.C. § 1915(e)(2)(B)(ii):

(1)  the motion to dismiss be GRANTED; and

(2) plaintiff be allowed a period of fifteen days thereafter to amend her complaint to name as the defendant the Houston County Sheriff, in his official capacity, or – if plaintiff was not employed by the sheriff – the legal entity that served as plaintiff's employer during the events at issue.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 6, 2014. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of December, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE